Mathew K. Higbee, Esq., State Bar No. 241380
Hany Gonzalez, Esq., State Bar No. 335677
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(305) 764-9262
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
hgonzalez@higbeeassociates.com

*Attorneys for Plaintiff,*
 LISA CORSON

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA CORSON,<br><br>             Plaintiff,<br><br>v.<br><br>THE SOCIETY GROUP LLC, and<br>DOES 1 through 10 inclusive,<br><br>             Defendants. | Case No. 2:22-cv-346<br><br>**COMPLAINT FOR**<br><br>**(1) COPYRIGHT INFRINGEMENT** |

Plaintiff Lisa Corson, for her Complaint against Defendants The Society Group LLC and DOES 1 through 10 inclusive, alleges as follows:

**JURISDICTION AND VENUE**

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of

1

California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred.

## PARTIES

5.     Plaintiff Lisa Corson ("Corson") is an individual and professional photographer.

6.     Defendant The Society Group LLC ("Society Group") is a California business with a business address of 8560 Sunset Blvd, Penthouse, West Hollywood, CA 90069.

7.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8.     Lisa Corson is a highly successful freelance photographer specializing in travel, food, interiors, luxury, lifestyle, and hospitality photography.

9.     Corson's photography has been featured in numerous publications and brand advertising. Corson's work has been featured in top publications such as *The New York Times, The Washington Post, The Wall Street Journal,* and many more.

Additionally, her work has been used commercially by brands such as *Google, AARP,* and *Simon & Schuster*.

10.     Corson is the sole author and exclusive rights holder to two photographs of the exterior of the Playboy Mansion: a photograph of a driveway leading up to the exterior of the Playboy Mansion ("Playboy Mansion Photograph 1") and a photograph of the lawn of the Playboy Mansion with the Playboy Mansion in the background ("Playboy Mansion Photograph 2") ("collectively, the Photographs").

11.     Attached hereto as Exhibit A is a true and correct copy of the Photographs.

12.     Corson registered the Photographs with the United States Copyright Office. The Photographs are registered under Registration Number VAu 1-234-420.

13.     Defendant Society Group is part of the public relations services industry. It channels the power of storytelling to market properties like Hollywood movies, with distinct story lines, one-of-a-kind real estate trailers, and immersive events designed to get prospective buyers through the door.

14.     Society Group is the award-winning industry leader for property public relations that has helped launch over $3 billon in luxury real estate worldwide. In 2016, it was a Entrepreneur360 winner, in which Entrepreneur magazine ranked it amongst the top entrepreneur companies in America.

15.     Society Group is the owner and operator of the website https://www.societygrouppr.com ("Current Website"); on information and belief, Society Group was also the previous owner and operator of the website https://society-manor.squarespace.com ("Previous Website") ("collectively, the Photographs").

16.     Society Group advertises its services through its Websites.

17.     On or about November 4, 2020, Corson discovered the Playboy Mansion Photograph 1 being used by Society Group on its Current Website. On or

about November 12, 2020, Corson also discovered the Playboy Mansion Photograph 2 being used by Society Group on its Previous Website.

18.    Society Group's Previous Website included a link to a Portable Document Format (PDF) that could be downloaded by its users: https://society-manor.squarespace.com/s/Playboy-Mansion-Sale-Is-Next-Step-in-BuTransformation-Exclusive-Photos-WSJ.pdf ("PDF Link"). The PDF Link included an article that displayed the Playboy Mansion Photograph 2. The PDF states that the copy is to be used for "personal, noncommercial use only."

19.    Society Group used the Photographs on its Websites and the PDF Link to showcase how the iconic estate was sold for $100 million dollars and was previously listed for $200 million dollars.

20.    Attached hereto as Exhibit B is a true and correct screenshot of the use of the Photographs on Society Group's Current Website and the PDF Link.

21.    In no event did Corson offer Society Group a license to use her Photographs in any manner.

22.    Corson is informed and believes Society Group created unauthorized copies of the Photographs.

23.    Corson is informed and believes Society Group uploaded the Photographs to Society Group's Websites and the PDF Link.

24.    Corson has made several attempts to settle this case prior to the filing of this Complaint.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

25.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

27.     Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, because, *inter alia*, the Defendant also knew or should have known that they did not have a legitimate license for the Photographs.

28.     As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

29.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

30.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.


Dated:         January 17, 2022          Respectfully submitted,

**s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
*Attorney for Plaintiff*